UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62612-CIV-COHN/SELTZER

CLEVELAND J. REEVES,

    Plaintiff,

v.

MR/MRS M. P. CONWAY / IRS
Department of the Treasury
Andover, MA  01810-0947,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 10] ("Motion").  The Court has reviewed the Motion and all related filings and is otherwise fully advised in the premises.[1]  For the reasons discussed herein, the Court will grant the Motion and dismiss this action.

**I.**    **Background**

On November 17, 2014, Plaintiff Cleveland J. Reeves filed this action against Defendant M.P. Conway, an employee of the Internal Revenue Service ("IRS"), for acts performed as part of his official duties.  See DE 1 at 4-5.  The body of Plaintiff's Complaint contains garbled and generalized assertions of wrongdoing by Defendant, devoid of supporting facts.  Plaintiff concludes with three bare-bones claims against

---

[1] In opposition to the Motion, Plaintiff has filed a document entitled "Not to Dismiss, But Proceed to Trial or Summary Judgment" [DE 15].  The Court construes this document as a Surreply opposing the Motion, and not as an independent request for relief.  Plaintiff has also filed two Motions for Summary Judgment.  See DE 23, 25.  But these Motions provide no coherent reasons for granting summary judgment in Plaintiff's favor.  Consequently, the Motions will be denied.

Defendant based on alleged violations of Plaintiff's constitutional rights.  See id. at 5.  Attached to Plaintiff's Complaint are exhibits that provide some factual context for his allegations and raise many familiar tax-protester arguments.  See id. at 8-82.  Considering the Complaint and exhibits together, it appears that Plaintiff takes issue with the IRS determining that his Form W-4 was improperly completed and instructing his employer to withhold a minimum amount of his wages.  On this basis, Plaintiff seeks $2,350,000.00 in damages from Defendant, in addition to costs and attorneys' fees.  See id. at 6.  Defendant has moved to dismiss, arguing that Plaintiff's suit is barred by sovereign immunity and that Plaintiff has otherwise failed to state a claim.  See DE 9.

## II.     Legal Standards

### A.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendant argues that the doctrine of sovereign immunity bars Plaintiff's claims against him in his official capacity.  When applicable, sovereign immunity deprives a court of subject-matter jurisdiction to hear a plaintiff's claim.  See Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996).  Subject-matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties."  Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000 (11th Cir. 1982).  When a court lacks jurisdiction over the subject matter of a case, dismissal is warranted.  See Fed. R. Civ. P. 12(b)(1), (h)(3).  Attacks on subject-matter jurisdiction may be either facial or factual.  See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam).  A facial attack on subject-matter jurisdiction, such as Defendant has raised here, requires the Court to look at the Complaint's allegations to see if Plaintiff has pleaded a sufficient basis for

subject-matter jurisdiction.  See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008).  In addressing a facial attack on subject-matter jurisdiction, the Court must take Plaintiff's allegations as true.  See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

       **B.**     **Motion to Dismiss for Failure to State a Claim**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should grant a motion to dismiss when the complaint's factual allegations cannot support the asserted claim.  See Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest.  See id.  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  See Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  See id.  A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely."  Id. at 556 (internal quotation marks omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.

**III.    Discussion**

Plaintiff has sued Defendant both in his official and individual capacities. See DE 1 at 4.  The Court will analyze each category of claims in turn.

**A.    Official-Capacity Claims**

"A suit against . . . IRS employees in their official capacities is, in essence, a suit against the United States."  Rosado v. Curtis, 885 F. Supp. 1538, 1542 (M.D. Fla. 1995), aff'd, 84 F.3d 437 (11th Cir. 1996).  The United States is generally immune from suit unless it expressly consents to be sued.  See EEOC v. First Nat'l Bank, 614 F.2d 1004, 1007 (5th Cir. 1980).[2]  A plaintiff seeking damages from the United States thus bears the burden of establishing that the government has waived sovereign immunity with respect to his claims.  See Thompson v. McHugh, 388 F. App'x 870, 872 (11th Cir. 2010) (per curiam); Ishler v. IRS, 237 F. App'x 394, 398 (11th Cir. 2007) (per curiam).

Here, Plaintiff has not alleged any basis for a waiver of sovereign immunity and fails to address Defendant's sovereign-immunity arguments in his Motion Response. Still, 26 U.S.C. § 7433(a)—which waives sovereign immunity in suits for unauthorized tax collection—is potentially applicable to Plaintiff's claims.  But a plaintiff bringing a claim under that section must exhaust his administrative remedies and plead exhaustion in his complaint.  See 26 U.S.C. § 7433(a); Galvez v. IRS, 448 F. App'x 880, 887 (11th Cir. 2011) (per curiam); Whitbeck v. IRS, No. 10-1578, 2011 U.S. Dist. LEXIS 86730 at *14 (M.D. Fla. Aug. 5, 2011).  Plaintiff does not allege that he exhausted the applicable administrative remedies, and nothing in the record suggests he has done so.

---

[2]  Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

Therefore, even presuming that a waiver of sovereign immunity under § 7433(a) would apply, Plaintiff has failed to plead the exhaustion of remedies necessary to his claims. Plaintiff's claims against Defendant in his official capacity thus fail as a matter of law.

### B.   Individual-Capacity Claims

Civil actions against federal employees in their individual capacities for violations of federal constitutional rights are governed by Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Thibeaux v. Mukasey, 275 F. App'x 889, 892 (11th Cir. 2008) (per curiam).  Damages are available in a Bivens action only if the plaintiff has no alternative means of seeking redress.  See Hardison v. Cohen, 375 F.3d 1262, 1264 (11th Cir. 2004).  Here, Plaintiff cannot proceed under Bivens because "the availability of adequate statutory avenues for relief forecloses a Bivens action against individual IRS agents for alleged constitutional violations with respect to the collection and assessment of taxes." Al-Sharif v. United States, 296 F. App'x 740, 742 (11th Cir. 2008) (per curiam).  The Court therefore will dismiss Plaintiff's claims against Defendant in his individual capacity as well.

## IV.   Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 10] is **GRANTED**;

2. Plaintiff's Motions for Summary Judgment [DE 23, 25] are **DENIED**;

3. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction and for failure to state a claim; and

4. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** all

pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of March, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Cleveland J. Reeves, pro se
16412 SW 28th Street
Miramar, FL  33027